IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL CASE NO.<br>1:09-CR-562-CAP-LTW |
| v. | |
| DALE HODGES, | |
| Defendant. | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL

Pending before this Court is Defendant's Motion to Suppress Evidence Obtained Pursuant to Warrantless Search of Computer Storage Equipment.  Docket Entry [20]. This Court convened a suppression hearing in connection with Defendant's Motion on April 29, 2010 (Docket Entries [24]), after which Defendant submitted a post-hearing brief in support of his Motion.  Docket Entry [26].  The Government filed a response in opposition to Defendant's Motion, to which Defendant replied. Docket Entries [27, 28]. Having considered the Defendant's Motion, the parties' briefs, and all supporting documents submitted, and for the reasons set forth below, this Court **RECOMMENDS**

AO 72A
(Rev.8/82)

that Defendant's Motion be **DENIED**.  Docket Entry [20].

## BACKGROUND

On December 21, 2009, the Grand Jury entered a two count indictment against Defendant Dale Hodges (hereinafter "Defendant"), including one count of knowingly receiving by computer one or more visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2256(2), 2252(a)(2); and knowingly possessing a computer which contained one or more visual depictions of a minor engaging in sexually explicit conduct as defined in 18 U.S.C. § 2252(a)(4)(B).

On November 19, 2009, Special Agent David Westfall, a U.S. Immigration and Customs Enforcement Special Agent, applied for and obtained a search warrant from a United States Magistrate Judge to search the Defendant's personal residence. (Gov't Ex. 2, p. 44).  The search warrant allowed agents to search for and seize, among other items, computers, computer hardware, and computer software which may be used to access and display child pornography or erotica.  (Gov't Ex. 1, p. 37).  The warrant commanded agents to conduct their search on or before November 29, 2009.  (Gov't Ex. 1, p. 35).

On the morning of November 25, 2009, agents conducted the search of Defendant's residence.  (Transcript of Apr. 29, 2010 Suppression Hearing, hereinafter "Tr." 6, 9-10). Special Agent Michael Richardson, who is employed by Immigration and

Customs Enforcement and serves as a Computer Forensics Agent, was present during the search. (Tr. 4, 10). Prior to the search, agents became aware that Mr. Hodges was using encryption software on his computer. (Tr. 8). As a result, Special Agent Richardson decided not to access the computer while at Defendant's residence because he was concerned that the type of encryption software Defendant was using could cause the computer to lock up, shut down, and indefinitely prevent access to the computer. (Tr. 8-9). Instead, agents seized Defendant's computer and two hard internal drives which were not within a computer. (Tr. 10). Within the computer, there were two more hard drives. (Tr. 10-11).

Special Agent Richardson brought the computer and hard drives to the forensics laboratory. (Tr. 11). Once there, Special Agent Richardson created clones (an exact duplicate) of the hard drives removed from Defendant's computer, which allowed him to view the hard drives as if they were in Defendant's computer and work with the information found therein. (Tr. 11-12). The clones took between eighteen and twenty-two hours to create. (Tr. 13).

On November 29, 2010, Special Agent Richardson began looking at the hard drives and found hundreds of images which contained erotica of young boys and child pornography. (Tr. 14). After viewing these images, Special Agent Richardson loaded

3

the images into Encase, which is a data acquisition program used to create an image to preview a computer as well as to perform forensic examination. (Tr. 14). Special Agent Richardson took between fourteen and eighteen hours to load the images from the first hard drive, but his completion of the process was delayed by a couple of days because he ran out of available storage space. (Tr. 14). Special Agent Richardson also had to compete with other agents for time to utilize the imaging machine. (Tr. 14-16). Special Agent Richardson completed the imaging of both hard drives by December 10, 2009. (Tr. 15). Because the information within the hard drives was encrypted, Special Agent Richardson could not access them. (Tr. 17). After seeking guidance from a more experienced computer forensics agent, Special Agent Richardson created a "logical image" of the hard drives in January 2010 which decrypted the images in the computer files. (Tr. 17-18). By February 3, 2010, Agent Richardson completed his forensic examination. (Tr. 19).

## **DEFENDANT'S MOTION TO SUPPRESS**

Defendant contends that the evidence taken from the hard drives should be suppressed because the search of the hard drives was completed after the expiration of the ten day deadline provided in the search warrant. In support, Defendant argues that the limitations period provided in search warrants for electronic devices should be

4

strictly applied because the search of a computer allows access to very broad personal information and involves a greater potential for abuse. Defendant reasons that if a search of a computer requires an extended period of time, agents should obtain a modification of the warrant's deadlines from the magistrate judge. In response, the Government argues that the search warrant's deadline only imposes a time limitation on when the search of Defendant's home was to occur; it did not apply to the Government's off-site forensic analysis. Additionally, the Government argues that because the search was completed in good faith, and the delay did not affect probable cause or prejudice the Defendant, the evidence should not be suppressed.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment by its terms prohibits 'unreasonable' searches and seizures." United States v. Gerber, 994 F.2d 1556, 1558 (11th Cir. 1993). "The relevant test is not the reasonableness of the opportunity to procure a warrant, but the reasonableness of the seizure under all the circumstances. The test of reasonableness cannot be fixed by per se rules; each case must be decided on its own facts." Gerber, 994 F.3d at 1558.

5

The Fourth Amendment does not specify that search warrants contain expiration dates. Gerber, 994 F.2d at 1559; see also United States v. Syphers, 426 F.3d 461, 468-69 (1st Cir. 2005). Although the Fourth Amendment requires an "[o]ath or affirmation . . . particularly describing the place to be searched, and the persons or things to be seized, it contains no requirements about when the search or seizure is to occur or the duration." Gerber, 994 F.2d at 1559. Federal Rule of Criminal Procedure 41(c) provides that a search warrant shall be executed "within a specified period of time not to exceed ten days."[1] Fed. R. Crim. P. 41(c). The time limitation within Rule 41(c) ensures both that probable cause continues to exist and that a neutral magistrate determines that probable cause continues to exist. Syphers, 426 F.3d at 469. The policy behind the ten-day time limitation is to prevent the execution of a stale warrant because a delay in executing a search warrant may render stale the probable cause finding. Syphers, 426 F.3d at 469. Courts examining whether warrants executed after the expiration of the ten day period "have concluded that completing a search shortly after the expiration of a search warrant does not rise to the level of a constitutional violation and cannot be the basis for

---

[1] Significantly, the amendment to Rule 41, effective December 2009, provides that a warrant under authorizing the seizure of electronic storage media "authorizes a later review of media or information consistent with the warrant." The time for executing the warrant refers to the "seizure or on-site copying of the media or information, and not to any later off-site copying or review." Fed. R. Crim. P. 41(e)(2)(B).

6

suppressing evidence seized so long as probable cause continues to exist and the government does not act in bad faith." Gerber, 994 F.2d at 1560; see also United States v. Burgess, 576 F.3d 1078, 1097 (10th Cir. 2009) (concluding that evidence seized from a computer and hard drives should not be suppressed even though law enforcement continued their forensic examination after the expiration of the warrant because probable cause for the search was not affected by the delay and the defendant did not identify any prejudice from the delay); Syphers, 426 F.3d at 469. Courts also examine whether criminal defendants have suffered prejudice as a result of the delay. Syphers, 426 F.3d at 469. Courts have typically permitted delay in the execution of search warrants involving computers because of the complexity of the search. Syphers, 426 F.3d at 469.

This Court cannot conclude that the off-site examination of Defendant's hard drives after the expiration of the warrant was an unreasonable search amounting to a constitutional violation requiring suppression. First, the search warrant allowing the search of Defendant's residence and the seizure of computer hardware and software *was* properly and timely executed. Agents seized Defendant's computer and hard drives during the ten day period prescribed in the warrant. United States v. Cameron, 652 F. Supp. 2d 74, 81-82 (D. Me. 2009) (concluding that the search warrant was timely executed when computer equipment was seized within the period the warrant stipulated

7

and that continued forensic inspection of the computer and discs did not violate the Fourth Amendment); United States v. Gorrell, 360 F. Supp. 2d 48, 54 & n.5 (D.D.C. 2004) (concluding that the ten day period in the search warrant only refers to the search of the defendant's home and does not limit the amount of time in which the government is required to complete off-site forensic analysis of seized items); United States v. Habershaw, No. 01-10195-PBS, 2002 WL 33003434, at *8 (D. Mass. May 13, 2002) (holding that off-site forensic analysis of seized hard drive image does not constitute a second execution of the warrant). Here, the warrant required the agents to search Defendant's residence on or before November 29, 2009, and the agents did so.[2] The warrant plainly authorized the seizure of Defendant's hard drives because it allowed law enforcement officers to seize any computer hardware and software which "may be used to visually depict child pornography or child erotica." Given the probable amount of data within three computer hard drives and the fact that the agents suspected that the data would be encrypted, it was reasonable for agents to seize the equipment and perform the forensics analysis off-site at the computer forensics laboratory. See Gov't Ex. 1, p. 37

---

[2]On this basis, Sgro v. United States, 287 U.S. 206 (1932), cited by Defendant, is distinguishable. In that case, law enforcement officers searched a hotel after the expiration of the warrant. Id. at 208. In contrast, in this case, law enforcement officers timely searched Defendant's residence.

(providing for the seizure of computer hardware and software); United States v. Upham, 168 F.3d 532, 535-36 (1st Cir. 1999) (finding that it was reasonable to remove computer for off-site analysis after noting that "it is no easy task to search a well-laden hard drive by going through all of the information it contains," that "the mechanics of the search for images later performed could not readily have been done on the spot," and that the search warrant allowed the seizure of the computer); United States v. Hernandez, No. 07-60027-CR, 2007 WL 2915856, at *17 (S.D. Fla. Oct. 4, 2007) (concluding that once computers were properly seized, the analysis of their contents at a later date did not violate the terms of the warrant).

Moreover, in this case, completion of the analysis of the hard drives after the expiration of the search warrant could not rise to the level of a constitutional violation and cannot be the basis for suppressing evidence seized because probable cause continues to exist, the government did not act in bad faith, and there was no prejudice to the Defendant. Probable cause did not dissipate during the nearly two-month delay in completing the off-site analysis of the hard drives. Because the computers were in possession of law enforcement, there was little chance that any incriminating evidence might be removed from the computers. Additionally, probable cause was actually enhanced by the delay because prior to the November 29, 2009 expiration of the search

warrant, Special Agent Richardson began looking at the hard drives and found hundreds of images which contained erotica of young boys and child pornography.[3] (Tr. 14). Furthermore, Special Agent Richardson did not act in bad faith in order to avoid any requirements imposed by the search warrant. The nearly two month delay was not unreasonable given that Special Agent Richardson had to clone the hard drives, load the images into his forensic analysis program, ran out of disc space, competed with other agents for time to use the imaging machine, and had difficulty accessing the information on the hard drives due to Defendant's encryption efforts. Finally, Defendant does not identify any prejudice resulting from the delay in completion of the forensic analysis. Therefore, Defendant's Motion to Suppress Evidence Obtained Pursuant to Warrantless Search of Computer Storage Equipment should be **DENIED**. Docket Entry [20].

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Suppress Evidence Obtained Pursuant to Warrantless Search of Computer

---

[3] Moreover, Special Agent Richardson could have reasonably concluded that these images constituted evidence that a crime had occurred, and therefore, further retention of the computer was justified. United States v. Carter, 139 F.3d 424, 426 (4th Cir. 1998) (holding that government may retain property which has evidentiary value in order to use it at trial); United States v. Wright, No. 4:08-cr-18, 2010 WL 841307, at *9 (E.D. Tenn. Mar. 3, 2010).

Storage Equipment should be **DENIED**. Docket Entry [20]. There are no further motions or problems pending before the undersigned to prevent the scheduling of this case for trial. Therefore, this action is **CERTIFIED READY FOR TRIAL**.

**SO ORDERED, REPORTED AND RECOMMENDED** this 15th day of September, 2010.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL CASE NO. 1:09-CR-562-CAP-LTW |
| v. | |
| DALE HODGES, | |
| Defendant. | |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b) (1), within fourteen (14) days after service of this order, each party may file written objections, if any, to the Report and Recommendation. Pursuant to Title 18, United States Code, Section 3161(h) (1) (F), **the above-referenced fourteen (14) days allowed for objections is EXCLUDED from the computation of time under the Speedy Trial Act.**

AO 72A
(Rev.8/82)

Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 15th day of September, 2010.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE